UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HOWERY,<br><br>    Plaintiff,<br><br>    v.<br><br>BOEING COMPANY, THE,<br><br>    Defendant. | Case No. 14-cv-01978-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 8 |

The motion to transfer venue is granted.

Plaintiff Crystal Howery brought suit in this Court, alleging violations of, among other things, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act arising from her employment with Defendant The Boeing Company ("Boeing"). Boeing moved to transfer the case to the Western District of Washington on the grounds that all of Howery's claims arise from her work at Boeing's facility in Everett, Washington, and that none of her claims involves any activity occurring within California. Docket No. 8-1. Howery responds that, for her, litigating this case in Washington be a significant financial hardship, whereas Boeing has the resources at its disposal to allow it to defend an action in this Court. Docket No. 20.

> When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an individualized, case-by-case consideration of convenience and fairness.

*Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (citations and internal quotation marks omitted). There is no question this case could have been brought in the Western District of Washington. Moving to the second step of the analysis, the Court considers

(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). Additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 488–99 (9th Cir. 2000).

While the Court is not unsympathetic to Howery's argument, the Court nonetheless concludes that, on the basis of the above factors, transfer is proper in this case. Howery does not seriously challenge Boeing's arguments that witness convenience weighs heavily in favor of transfer to the Western District of Washington. *See Park*, 964 F. Supp. 2d at 1095 ("[T]he convenience of witnesses is often the most important factor in resolving a motion to transfer." (internal quotation marks omitted)). Moreover, given that none of the events underlying Howery's lawsuit took place in California, Howery's choice of forum is entitled to "only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Accordingly, the Court exercises its discretionary power under 28 U.S.C. § 1404(a) and grant's defendants motion to transfer this matter to the United States District Court for the Western District of Washington.

**IT IS SO ORDERED**.

Dated: October 6, 2014

_____
VINCE CHHABRIA
United States District Judge