UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL HOWERY,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

Case No. C14-01555RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Rule 12(c) Motion to Dismiss. Dkt. #39. Defendant seeks to dismiss all causes of action in this matter for Plaintiff's failure to allege any facts raising a plausible claim for relief. *Id.* Plaintiff opposes the motion, arguing that her "facts" must be accepted as true for purposes of this motion, and asserting that the motion is improper because the pleadings are not yet closed. Dkt. #52. For the reasons set forth herein, the Court GRANTS Defendant's motion, but allows Plaintiff leave to amend.

## II. BACKGROUND

Plaintiff Crystal Howery initially filed this action in the District Court for the Northern District of California, alleging violations of, among other statutes, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, arising from her employment with Defendant Boeing Company ("Boeing") in Everett, Washington, and termination

ORDER - 1

therefrom. Dkt. #1. Plaintiff has been proceeding *pro se*, but has not sought *in forma pauperis* status in this Court. *See* Dkt. #1, Ex. 2. After Plaintiff filed her action, Boeing filed a motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a). California District Judge Vince Chhabria granted Defendant's Motion, finding that the case could have been filed in the Western District of Washington and that the relevant convenience factors strongly favored transfer to this District. Dkt. #21. The action was then transferred to this District on October 9, 2014, and assigned to the undersigned Judge. Dkt. #22. Plaintiff thereafter appealed Judge Chhabria's transfer order, which the Ninth Circuit Court of Appeals denied, entering its mandate on December 29, 2014. This Court then considered Plaintiff's motions to appoint counsel and motion to transfer. *See* Dkts. #35 and #37.

On January 30, 2015, this Court denied Plaintiff's motions. Dkt. #37. The Court determined that Plaintiff had failed to provide sufficient evidence to support any of the factors in favor of appointment of counsel, but informed Plaintiff that she could re-file a motion to appoint counsel should Plaintiff believe in good faith that she is able to meet the relevant criteria. *Id.* at 4. The Court further found that venue is appropriate in this Court and declined to transfer the matter back to California. *Id.* at 4-5.

In her Complaint, Plaintiff alleges:

> Harassment and Retaliation for opposing and reporting discriminatory practices as well as for participating in investigations regarding discrimination. Violation(s) of: the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Civil Rights Act; the Genetic Information Nondiscrimination Act; and other violations of the law.

Dkt. #1 at 2.

ORDER - 2

Plaintiff further alleges that Defendant discriminated against her based on her race, religion, sex, national origin, disability, genetic information and age. Dkt. #1 at 2. In support of her allegations, Plaintiff provides the following "facts":

> I was not paid for my hourly work. I was also denied a bonus. Requests for reasonable accommodation were denied. I was harassed. I was placed on leave without pay. I was terminated.

*Id.* According to Plaintiff, the alleged discrimination occurred between December of 2011 and June 2012. *Id.* at 3. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), who could not determine whether any violations had occurred, and received a Right-to-Sue Letter on February 9, 2014. *Id.*, Attachment 1. She then proceeded with this lawsuit.

### III.   DISCUSSION

**A.   Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1052 n.1 (9th Cir. 2008).

In deciding a 12(b)(6) or 12(c) motion, this Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly

judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court must construe the complaint in the light most favorable to the Plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

**B. Extrinsic Documents**

The Court first addresses Defendant's request that it consider the Collective Bargaining Act which governed Plaintiff's employment while she was working for Defendant. Dkts. #39 at 10 and #40, Ex. A. The Court denies the request as it is not necessary to consider that document in reaching its decision on this motion.

ORDER - 4

**C. Alleged Failure to Meet Pleading Standard**

Defendant argues that Ms. Howery's claims should be dismissed because she fails to meet the required pleading standards for her claims.  The Court agrees.  Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts such as her age, race, or other identification of a protected class in which she alleges to be a member.  *See* Dkt. #1. She further fails to allege any facts indicating what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination.  As a result, she fails to allege any plausible claims for relief.  *Iqbal*, 556 U.S. at 678.  For these reasons, the Complaint must be dismissed.[1]

**D. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).  Accordingly, if Plaintiff wishes to amend her Complaint, she is permitted to file such Amended Complaint within twenty-one (21) days of the date of this Order.  The Amended Complaint should address, at a minimum, the deficiencies listed above.

---

[1] Plaintiff argues that this motion has been brought improperly because the pleadings are not yet closed.  However, Defendant filed its Answer on September 17, 2014.  Therefore, the pleadings are closed, and Plaintiff's argument is rejected.

ORDER - 5

## IV. CONCLUSION

For the reasons stated above, and having reviewed Plaintiffs' motions, any responses thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. #39) is GRANTED.

2. Plaintiff is permitted to file an Amended Complaint <u>within twenty-one (21) days of the date of this Order</u>. The Amended Complaint should address, at a minimum, the deficiencies listed above.

3. Plaintiff is warned that the failure to file an Amended Complaint within the time allotted will result in the dismissal of her case.

DATED this 6 day of April, 2015.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE