UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL HOWERY,<br><br>       Plaintiff,<br><br> v.<br><br>THE BOEING COMPANY,<br><br>       Defendant. | Case No. C14-01555RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion for Reconsideration. Dkt. #79. Plaintiff states that she "asks this Court to reconsider the order entered on 07/02/15 granting defendant's motion to dismiss." *Id.* Plaintiff further states in support of her motion that:

> The Plaintiff has requested in her amended response filed on 07/09/15 that in the alternative to dismissal, that she be allowed to file a second amended complaint and that she had complied with this court's instructions regarding the first amended complaint.

*Id.* For the reasons discussed herein, the Court DENIES Plaintiff's motion.

## II. BACKGROUND

Plaintiff Crystal Howery initially filed this action in the District Court for the Northern District of California, alleging violations of, among other statutes, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, arising from her employment

ORDER - 1

with Defendant Boeing Company ("Boeing) in Everett, Washington, and termination therefrom. Dkt. #1. The action was subsequently transferred to this District on October 9, 2014, and assigned to the undersigned Judge. Dkt. #22. Plaintiff thereafter appealed Judge Chhabria's transfer order, which the Ninth Circuit Court of Appeals denied, entering its mandate on December 29, 2014. Plaintiff has been proceeding *pro se* in this Court. *See* Dkt. #1, Ex. 2.

Defendant then moved for dismissal of all claims under Rule 12(c). Dkt. #39. On April 6, 2015, the Court granted Defendant's motion finding that:

> Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts such as her age, race, or other identification of a protected class in which she alleges to be a member. *See* Dkt. #1. She further fails to allege any facts indicating what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678.

Dkt. #54 at 5. However, the Court granted Plaintiff leave to amend the Complaint to remedy the deficiencies. *Id.* at 6. Plaintiff then filed a motion for reconsideration, which was denied. Dkts. #56 and #57.

On April 27, 2015, Plaintiff filed her First Amended Complaint. Dkt. #58. Defendant then moved to dismiss all but two of Plaintiff's claims under Rule 12(c). Dkt. #63. On July 1, 2015, this Court granted Defendant's motion, finding that:

> Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts related to the above claims, such as what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. She fails to identify any facts related to leave requests or

ORDER - 2

> any denial of any such requests. She fails to allege any conduct that she believes is related to her age, or any facts related to age discrimination. In short, the only alleged facts appear to relate to Plaintiff's ADA and GINA claims (which are not the subject of this motion). *See* Dkt. #58 at 3-4. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678. For these reasons, the Complaint must be dismissed.

Dkt. #69 at 7-8. The Court further found that because Plaintiff had already been provided with the opportunity to amend her Complaint based on the same deficiencies, and given that she had attempted but failed to do so, the Complaint could not be cured by further amendment. *Id.* at 8. Thus, nearly all of Plaintiff's claims were dismissed, and this matter currently proceeds on two remaining claims. *Id.*

A week <u>after</u> the Court issued its Order granting the motion to dismiss, Plaintiff filed an "Amended Response" to Defendant's second motion to dismiss. Dkt. #73. The Court then issued a Minute Order to Plaintiff informing her that her response was moot because it had been filed after the Court issued a ruling on the motion to which it related. Dkt. #74. On July 12, 2015, Plaintiff filed a Notice of Appeal apparently appealing the Court's Minute Order. Dkt. #75.

The Ninth Circuit Court of Appeals issued a Time Schedule Order on July 13, 2015. Dkt. #78. Plaintiff then filed the instant motion for reconsideration related to the Court's Order granting Defendant's motion to dismiss.

### III.   DISCUSSION

As noted above, Plaintiff has filed a motion for reconsideration asking the Court to reconsider the Order entered on July 2, 2105, granting Defendant's motion to dismiss. Dkt. #79. This motion appears to be based on the Amended Response that was untimely filed on July 9, 2015, and which also appears to be the subject of her pending appeal. *Id.*

ORDER - 3

By filing an appeal with the Ninth Circuit prior to filing her motion for reconsideration, Plaintiff divested the Court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, Federal Rule of Civil Procedure 62.1 permits the Court to treat Plaintiff's motion as a request for an indicative ruling in certain circumstances:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Braun-Salinas v. Am. Family Ins. Grp.*, 2015 U.S. Dist. LEXIS 1914, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal).

Under this Court's Local Rules, Plaintiff was required to file any motion for reconsideration within fourteen days after the Order to which it relates is filed. LCR 7(h)(2). The subject Order was issued on July 1, 2015. Thus, Plaintiff was required to file any motion for reconsideration no later than July 15, 2015. She missed that deadline by one day. Accordingly, Rule 62.1 does not apply, and this Court lacks jurisdiction to consider the motion for reconsideration.

However, even if this Court were to excuse the late filing and consider the motion under Rule 62.1, the Court concludes that the motion for reconsideration is without merit. "Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff's instant motion for reconsideration neither

ORDER - 4

demonstrates manifest legal error, nor does it direct the Court to new facts or legal authority that she could not have presented previously in opposition to Defendant's motion. Rather, Plaintiff now rests on her untimely "Amended Response" filed on July 9, 2015, in which she sought to file a second amended complaint because "she had complied with this court's instructions regarding the first amended complaint." Dkt. #79. Plaintiff's Amended Complaint was previously considered by the Court in granting Defendant's motion. After such consideration, the Court identified several deficiencies which resulted in the Court granting Defendant's motion to dismiss. *See* Dkt. #69. There is nothing in Plaintiff's instant motion that persuades the Court its prior decision was incorrect. Accordingly, Plaintiff's Motion for Reconsideration (Dkt. #79) is DENIED.

## IV.   CONCLUSION

Having reviewed Plaintiff's motion for reconsideration, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #79) is DENIED for the reasons set forth above.

DATED this 16th day of July 2015.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 5