UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL HOWERY,<br><br>                        Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY,<br><br>                        Defendant. | Case No. C14-01555RSM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND |

## I.    INTRODUCTION

This matter comes before the Court upon Plaintiff's Motions to Amend Complaint, for Relief from Order pursuant to Federal Rule of Civil Procedure 60, and to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59. Dkts. #84, #92 and #93. Through her three motions, Plaintiff appears to seek relief from this Court's prior Order dismissing in part her First Amended Complaint, on the basis that she "complied with the instructions given to Plaintiff." *Id.* In her motion to amend the Complaint, Plaintiff states that she "requests leave to file a Second Amended Complaint to make claims against the defendant, supported by facts, and to correct and cure errors in the first amended complaint." Dkt. #84 at 1. Defendant opposes the three motions, noting that this Court has already denied Plaintiff's requests to amend on several prior occasions, and also seeks sanctions against Plaintiff for

ORDER - 1

continuing to waste its and the Court's resources by raising this issue despite the Court's prior rulings. Dkts. #99, #102 and #103.

For the reasons discussed herein, the Court DENIES Plaintiff's motions, but also denies Defendant's request for sanctions.

## II.     BACKGROUND

Plaintiff Crystal Howery initially filed this action in the District Court for the Northern District of California, alleging violations of, among other statutes, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, arising from her employment with Defendant Boeing Company ("Boeing) in Everett, Washington, and termination therefrom. Dkt. #1. The action was subsequently transferred to this District on October 9, 2014, and assigned to the undersigned Judge. Dkt. #22. Plaintiff thereafter appealed the transfer order, which the Ninth Circuit Court of Appeals denied. Plaintiff has been proceeding *pro se* in this Court. *See* Dkt. #1, Ex. 2.

Defendant initially moved for dismissal of all claims under Rule 12(c). Dkt. #39. On April 6, 2015, the Court granted Defendant's motion finding that:

> Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts such as her age, race, or other identification of a protected class in which she alleges to be a member. *See* Dkt. #1. She further fails to allege any facts indicating what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678.

Dkt. #54 at 5. However, the Court granted Plaintiff leave to amend the Complaint to remedy the deficiencies. *Id.* at 6. Plaintiff then filed a motion for reconsideration, which was denied. Dkts. #56 and #57.

ORDER - 2

On April 27, 2015, Plaintiff filed her First Amended Complaint. Dkt. #58. Defendant then moved to dismiss all but two of Plaintiff's claims under Rule 12(c). Dkt. #63. On July 1, 2015, this Court granted Defendant's motion, finding that:

> Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts related to the above claims, such as what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. She fails to identify any facts related to leave requests or any denial of any such requests. She fails to allege any conduct that she believes is related to her age, or any facts related to age discrimination. In short, the only alleged facts appear to relate to Plaintiff's ADA and GINA claims (which are not the subject of this motion). *See* Dkt. #58 at 3-4. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678. For these reasons, the Complaint must be dismissed.

Dkt. #69 at 7-8. The Court further found that because Plaintiff had already been provided with the opportunity to amend her Complaint based on the same deficiencies, and given that she had attempted but failed to do so, the Complaint could not be cured by further amendment. *Id.* at 8. Thus, nearly all of Plaintiff's claims were dismissed, and this matter currently proceeds on Plaintiff's ADA and GINA claims. *Id.*

A week after the Court issued its Order granting the motion to dismiss, Plaintiff filed an "Amended Response" to that motion. Dkt. #73. The Court then issued a Minute Order to Plaintiff informing her that her response was moot because it had been filed after the Court issued a ruling on the motion to which it related. Dkt. #74. On July 12, 2015, Plaintiff filed a Notice of Appeal, apparently appealing the Court's Minute Order. Dkt. #75. The Ninth Circuit Court of Appeals issued a Time Schedule Order on July 13, 2015.[1] Dkt. #78.

---

[1] The appeal has since been dismissed. Dkts. #87 and #104.

ORDER - 3

Plaintiff then filed a motion for reconsideration related to the Court's Order granting Defendant's second motion to dismiss. On July 16, 2015, the Court denied Plaintiff's motion for reconsideration. Dkt. #80. The Court first found that it lacked jurisdiction to consider the motion because of Plaintiff's pending appeal, but that even if it had jurisdiction, the motion for reconsideration was without merit. Dkt. #80 at 4-5.

On July 30, 2015, Plaintiff filed a Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60, and a Motion to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59. Dkts. #82 and #83. Both of those motions pertained to the Order issued by this Court on July 1, 2015, granting Defendant's second motion to dismiss and denying Plaintiff's request to file a second amended Complaint. *Id*. At the same time, Plaintiff also filed a Motion to Amend her Complaint, and filed a second Notice of Appeal, which also apparently appeals from the same Order that was the subject of her first appeal.[2] Dkts. #84 and #85.

After Defendant filed its responses to the Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60 and Motion to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59 motions, Plaintiff proceeded to file several additional motions. On August 19, 2015, Plaintiff filed an Amended Motion to Amend or Alter Order under Rule 59. Dkt. #91. On August 20, 2015, Plaintiff filed an Amended Motion for Relief from Order pursuant to Rule 60, and yet another Amended Motion to Amend or Alter Order under Rule 59. Dkts. #92 and #93. These three motions all appeared to pertain to the Court's Order of July 1, 2015. Dkts. # 91, #92 and #93. Accordingly, on August 20, 2015, the Court struck Plaintiff's pending motions at Dkts. #82 and #83, as the motions filed at #92 and #93

---

[2] The second appeal remains pending before the Ninth Circuit Court of Appeals. *See* Dkt. #86.

ORDER - 4

appeared to amend and replace those previously-filed motions. Dkt. #94. The Court also precluded Plaintiff from filing any further motions in this matter unless prior permission is sought and received from this Court. *Id.*

However, in direct contravention of the Court's Order, Plaintiff then filed a First Amended Motion to Quash Subpoenas without permission. Dkt. #100. The Court also struck that motion and notified Plaintiff that, should she violate this Court's Orders again, sanctions will be issued. Dkt. #101.

The Court now turns to Plaintiff's Motion to Amend Complaint, Plaintiff's Amended Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60, and Plaintiff's Amended Motion to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59, which all relate to the Court's prior Order dismissing Plaintiff's First Amended Complaint. Dkts. #84, #92 and #93.

### III.  DISCUSSION

**A. Motion to Amend Complaint**

As noted above, the Court has previously denied, on multiple occasions, Plaintiff's requests to amend her Complaint. In denying her requests, the Court has noted that Plaintiff already amended her Complaint and that she has been unable to remedy her deficiencies even after being provided that opportunity. Dkt. #69 at 7-9. The Court now examines the relevant factors and applies the same analysis for Plaintiff's pending motion to amend. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (discussing the five factors the Court must consider in a motion to amend complaint). For the same reasons articulated in the Court's prior Orders, the Court finds that amendment would now be futile. "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

ORDER - 5

There is nothing in Plaintiff's instant motion that persuades the Court that its prior decision was incorrect. Further, Plaintiff has failed to attach her proposed amendments to her motion in violation of the Court's Rules. *See* LCR 15. Thus, the Court has no ability to see what Plaintiff proposes to amend at this juncture. Accordingly, Plaintiff's motion to amend will be denied.

The Court also notes that this issue is now resolved. **Plaintiff shall not file any additional motions to amend her Complaint in any form.** She has two remaining claims, under the ADA and GINA, that are currently proceeding in this matter.

**B. Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60 and Motion to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59**

The Court also denies Plaintiff's Motions for Relief from Order pursuant to Federal Rule of Civil Procedure 60, and to Amend or Alter Order pursuant to Federal Rule of Civil Procedure 59. Dkts. #92 and #93. In these identical motions, Plaintiffs seeks relief from the Court's prior Order declining to allow her to amend her Complaint for a second time on the basis that "she complied with the instructions provided to her." *Id.*

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

ORDER - 6

>   (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As an initial matter, neither 60(b)(4) nor 60(b)(5) are applicable, as no judgment has been entered in this matter. Likewise, neither 60(b)(1), 60(b)(2) nor 60(b)(3) are applicable, as Plaintiff has not made any allegations under those subsections. For the reasons discussed above, the Court finds no other reason that justifies relief. Thus, Plaintiff's motion under Rule 60(b) will also be denied.

Finally, Rule 59 is not applicable to the instant matter. Rule 59 applies to motions for a new trial, and motions for relied from judgment. Fed. R. Civ. P. 59. As already noted, no trial has been held and no judgment has been entered. Accordingly, Plaintiff's motion under Rule 59 will be denied.

**C. Defendant's Request for Sanctions**

Defendant now seeks sanctions from Plaintiff under 28 U.S.C. § 1927 to deter unnecessary delays in litigation caused by a party's unreasonable filings and behavior. Dkts. #99, #102, and #103. When parties unreasonably and vexatiously multiply proceedings, 28 U.S.C. §1927 allows courts to require them to satisfy excess costs, expenses and attorney's fees incurred. Section 1927 sanctions require a bad faith finding. *Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1185 (9th Cir. 1988). "Bad faith is present when [a party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*, quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). The Court does not find bad faith on the part of Plaintiff in this instance, but rather a misunderstanding of the legal authority and procedural rules applicable

ORDER - 7

to her request to amend and the Court's resulting orders, and therefore denies Defendant's request for sanctions at this time. However, Plaintiff is once again reminded that her failure to follow the Court's directives with respect to filing future motions may result in sanctions.

## VI.   CONCLUSION

Having reviewed Plaintiff's motions, Defendant's oppositions thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Amend Complaint (Dkt. #84) is DENIED.

2. Plaintiff's Amended Motion for Rule 60 Relief (Dkt. #92) is DENIED.

3. Plaintiff's Amended Motion to Amend or Alter Order Pursuant to Rule 59 (Dkt. #93) is DENIED.

DATED this 11th day of September, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE