UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL HOWERY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY,<br><br>　　　　　　　　　Defendant. | Case No. C14-1555 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion to Compel. Dkt. #97. Defendant asks the Court to compel responses to its First Set of Discovery Requests served on Plaintiff, which were due on July 30, 2015, but to which Plaintiff objected in conclusory manner. *Id.* Plaintiff continues to object to discovery on a number of bases. Dkt. #108. For the reasons discussed herein, the Court GRANTS Defendant's motion and awards it attorney's fees and costs.

## II. BACKGROUND

The procedural background of this matter has been set forth in prior Orders of the Court and is incorporated by reference herein. *See*, *e.g.*, Dkt. #69.

Defendant served Plaintiff with written discovery requests on June 25, 2015. *See* Dkt. #98, Ex. A. On July 27, 2015, Plaintiff filed Objections to Boeing's discovery requests. Dkt.

ORDER - 1

#81. Plaintiff apparently objects to Boeing's entire set of discovery requests, asserting that the information sought is (1) privileged, (2) beyond the permissible scope of discovery, (3) confidential, and (4) unknown at this time. *Id.* Plaintiff reasserts those objections, and adds several additional objections, in her response to the instant motion. Dkt. #108. However, Plaintiff provides no substantive explanation of how Boeing's discovery requests are improper or seek privileged information.

On August 4, 2015, Defendant's counsel emailed and mailed Plaintiff a request for a Civil Rule 37(a)(1) discovery conference to discuss her objections. Dkt. #98, Ex. B. Plaintiff did not respond. On August 10, 2015, Defendant's counsel again emailed Plaintiff regarding a discovery conference and informed her that it would file a motion to compel and seek sanctions if she failed to cooperate in a Civil Rule 37(a)(1) conference and failed to respond to Defendant's discovery requests. Dkt. #98, Ex. C. Plaintiff again failed to respond. The instant motion followed.

### III.   DISCUSSION

**A. Standard of Review**

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to

ORDER - 2

show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

### B. Defendant's Motion to Strike

As an initial matter, the Court addresses Defendant's motion to strike. Dkt. #111. Defendant seeks to strike Plaintiff's untimely objections to the instant motion, which were not filed until the day the motion was noted for consideration. In the alternative, Defendant seeks additional time to substantively respond to Plaintiff's objections. *Id.* The Court DENIES Defendant's motion. First, the Court accepts Plaintiff's explanation that she filed her response based on her erroneous belief that the noting date was a week later. *See* Dkt. #112. Second, for the reasons below, the Court will grant Defendant's motion after considering the untimely response, and therefore requires no additional reply from Defendant.

### C. Defendant's Discovery Requests

In this case, Defendant has sought routine discovery, including requests for information about past lawsuits, a calculation of damages sought, and the bases for Plaintiff's claims. Dkt. #98, Ex. A. Defendant has also sought routine production of documents relevant to Plaintiff's claims. *Id.* Plaintiff appears to object primarily to the release of medical information, alleging that she has not put such information at issue in this case. *See* Dkt. #108. There appear to be three broad Interrogatories seeking medical and insurance information and two related Requests for Production. Dkt. #98, Ex. A, *Interrogatory Nos. 15, 16 and 17 and RFP Nos. 16 and 17*. All other requests are either aimed at information that does not implicate Plaintiff's health status, or is aimed specifically at the claims she has made and the bases therefore. Dkt. #98, Ex. A.

ORDER - 3

A responding party that objects to interrogatories or requests for production of documents is required to state objections with specificity. Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). Plaintiff has utterly failed to meet that requirement. She fails to state why she will not provide basic information such as any prior lawsuits filed or email addresses that she uses, and she fails to explain how other information related to her claims is not relevant or discoverable. *See* Dkt. #108. With respect to the medical and insurance information sought by Defendant, Plaintiff fails to explain what, if any of that information, is privileged and why. In fact, she fails to identify any specific privilege she may be asserting, precluding the Court from analyzing whether any such privilege actually exists. For these reasons, the Court GRANTS Defendant's motion and directs Plaintiff to fully respond to Defendant's requests. Her failure to comply with this Order may result in additional sanctions.

**D. Attorney's Fees and Costs**

Under Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

In this case, the Court finds an award of attorney's fees appropriate. Defendant made a good faith effort to obtain discovery and discuss the subject of the instant motion prior to filing its motion. However, Plaintiff failed to respond. Dkt. #98, Exs. B and C. Plaintiff has also

ORDER - 4

failed to substantially justify her non-response to either the discovery requests or Defendant's requests for a discovery conference. Given the history of this litigation, the Court also finds no other circumstances that would make such an award unjust. Accordingly, the Court orders Plaintiff to pay Defendant's reasonable expenses associated with this motion.

## IV.   CONCLUSION

Having reviewed Defendant's motion to compel, the objections thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Compel (Dkt. #97) is GRANTED. **Plaintiff shall provide complete discovery responses to Defendant no later than fourteen (14) days from the date of this Order.**

2. Defendant's request for attorney's fees and costs is GRANTED. Defendant shall provide a Declaration of its fees associated with its Motion to Compel **no later than 10 days from the date of this Order.**

DATED this 16th day of September 2015.

    RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE

ORDER - 5