UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL HOWERY,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

Case No. C14-01555RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion to Dismiss for Lack of Prosecution. Dkt. #164. Defendant seeks to dismiss Plaintiff's remaining claims for her failure to engage in the discovery process or otherwise prosecute her case. *Id.* Plaintiff opposes the motion, arguing *inter alia* that Defendant's counsel has a conflict of interest, the discovery sought is private and confidential, and that Defendant has refused to discuss a protective order. Dkt. #170. For the reasons set forth herein, the Court disagrees with Plaintiff and GRANTS Defendant's motion.

## II. BACKGROUND

Plaintiff Crystal Howery initially filed this action in the District Court for the Northern District of California, alleging violations of, among other statutes, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, arising from her employment

ORDER - 1

with Defendant Boeing Company ("Boeing") in Everett, Washington, and termination therefrom. Dkt. #1. Plaintiff has been proceeding *pro se*. *See* Dkt. #1, Ex. 2. After Plaintiff filed her action, Boeing filed a motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a). California District Judge Vince Chhabria granted Defendant's Motion, finding that the case could have been filed in the Western District of Washington and that the relevant convenience factors strongly favored transfer to this District. Dkt. #21. The action was then transferred to this District on October 9, 2014, and assigned to the undersigned Judge. Dkt. #22. Plaintiff thereafter appealed Judge Chhabria's transfer order, which the Ninth Circuit Court of Appeals denied, entering its mandate on December 29, 2014. This Court then considered Plaintiff's motions to appoint counsel and motion to transfer. *See* Dkts. #35 and #37.

On January 30, 2015, this Court denied Plaintiff's motions. Dkt. #37. The Court determined that Plaintiff had failed to provide sufficient evidence to support any of the factors in favor of appointment of counsel, but informed Plaintiff that she could re-file a motion to appoint counsel should Plaintiff believe in good faith that she is able to meet the relevant criteria. *Id.* at 4. The Court further found that venue is appropriate in this Court and declined to transfer the matter back to California. *Id.* at 4-5.

In her initial Complaint, Plaintiff alleged:

> Harassment and Retaliation for opposing and reporting discriminatory practices as well as for participating in investigations regarding discrimination. Violation(s) of: the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Civil Rights Act; the Genetic Information Nondiscrimination Act; and other violations of the law.

Dkt. #1 at 2.

ORDER - 2

Plaintiff further alleged that Defendant discriminated against her based on her race, religion, sex, national origin, disability, genetic information and age. Dkt. #1 at 2. In support of her allegations, Plaintiff provides the following "facts":

> I was not paid for my hourly work. I was also denied a bonus. Requests for reasonable accommodation were denied. I was harassed. I was placed on leave without pay. I was terminated.

*Id.* According to Plaintiff, the alleged discrimination occurred between December of 2011 and June 2012. *Id.* at 3. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), who could not determine whether any violations had occurred, and received a Right-to-Sue Letter on February 9, 2014. *Id.*, Attachment 1. She then proceeded with this lawsuit.

Defendant initially moved for dismissal of all claims under Rule 12(c). Dkt. #39. On April 6, 2015, the Court granted Defendant's motion finding that:

> Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts such as her age, race, or other identification of a protected class in which she alleges to be a member. *See* Dkt. #1. She further fails to allege any facts indicating what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678.

Dkt. #54 at 5. However, the Court granted Plaintiff leave to amend the Complaint to remedy the deficiencies. *Id.* at 6.

Plaintiff then filed a motion for reconsideration, which was denied. Dkts. #56 and #57. On April 27, 2015, Plaintiff filed her First Amended Complaint. Dkt. #58. Plaintiff asserted nine causes of action, including the seven listed above, plus alleged violations of the

ORDER - 3

Americans With Disabilities Act ("ADA") and alleged violations of the Genetic Information Nondiscrimination Act ("GINA").[1]  *Id.*  Plaintiff alleged:

> Plaintiff Crystal Howery alleges that Defendant The Boeing Company ("Defendant") discriminated against her because of her race (African American), color (brown), national origin (United States), gender (female), age (over 40 years old), genetic information, religion, for engaging in protected activities, and disability. Defendant discriminatorily and retaliatorily refused to pay her for hours worked, denied her a bonus, refused reasonable requests for accommodation, harassment, placement on involuntary leave of absence, termination, paying plaintiff and female and employees of color less than similarly situated male and non-minority employees, as well as other acts.

Dkt. #58 at 2.

In support of those allegations, Plaintiff asserted:

> 14.   From July 2011 to June 2012, and at all relevant times, Plaintiff Crystal Howery was an employee of Defendant.
>
> 15.   On October 5, 2012, Defendant Boeing told Plaintiff Crystal Howery that she was required to undergo a fitness for duty examination.
>
> 16.   As part of the fitness for duty examination, Defendant Boeing required that Plaintiff Crystal Howery sign a release for all his [sic] medical records.
>
> 17.   Among other things, Defendant Boeing's releases required that Plaintiff Crystal Howery agree to the disclosure of medical information which contained family medical history and non-work related information.
>
> 19. [sic] Defendant Boeing's releases, were likely to elicit disability-related information.
>
> 20.   Defendant Boeing's proffered releases, were not narrowly tailored to the issue of whether Plaintiff Crystal Howery could perform the essential functions of her job or whether she posed a direct threat to the safety of herself or others.

---

[1] Plaintiff's First Amended Complaint actually sets forth only four claims, two alleged violations of the ADA and two alleged violations of GINA.

ORDER - 4

  23. [sic]  Plaintiff Crystal Howery was willing to go through the fitness-for-duty examination, but she objected to the release(s) that Defendant Boeing insisted that she sign.

  24. Plaintiff Crystal Howery objected to Defendant Boeing about the release(s) to the extent that they did not adequately disclose to whom her information would be released and were not tailored to address her work at Defendant Boeing.

  25. Plaintiff Crystal Howery told Defendant Boeing that the release(s) needed to be narrowed in scope because the information sought was sensitive personal information.  She told Defendant Boeing that she objected to the extent that the release(s) were not proper in scope and did not identify the proper person to whom the information would go.

  26. Defendant Boeing refused to modify the scope of the release(s) to comply with the ADA or GINA.

  27. Defendant Boeing terminated Plaintiff Crystal Howery's employment on June 8, 2012 as a direct result of Plaintiff Crystal Howery's refusal to sign the release(s) seeking medical information that was not job-related or consistent with business necessity, and would likely disclose family medical history.

  28. Defendant Boeing acts as described in all the preceding paragraphs were done intentionally.

  29. Defendant Boeing's acts as described in all the preceding paragraphs were done with malice or with reckless disregard of Plaintiff Crystal Howery's federally protected rights as set forth below in Counts I through V.

Dkt. #58 at 3-4.  Defendant then moved to dismiss all but the ADA and GINA claims, which the Court granted.  Dkts. #63 and #69.  The matter then proceeded into discovery.

 Defendant served Plaintiff with written discovery requests on June 25, 2015.  *See* Dkt. #98, Ex. A.  On July 27, 2015, Plaintiff filed Objections to the requests.  Dkt. #81.  Plaintiff apparently objected to Boeing's entire set of requests, asserting that the information sought was (1) privileged, (2) beyond the permissible scope of discovery, (3) confidential, and (4)

ORDER - 5

unknown at this time. *Id.* As a result, Defendant moved to compel responses. Dkt. #97. Plaintiff reasserted those objections, and added several additional objections, in her response to that motion, including a baseless allegation that defense counsel had a conflict of interest because counsel also represented her in this matter. Dkt. #108. Plaintiff provided no substantive explanation of how Boeing's discovery requests were improper or sought privileged information. This Court ultimately granted Defendant's motion. Dkt. #119. Plaintiff then appealed to the Ninth Circuit Court of Appeals, which the Court dismissed.[2] Dkt. #144.

Following Plaintiff's continued failure to respond to its discovery requests, Defendant filed a second Motion to Compel. Dkt. #150. On November 16, 2015, this Court granted Defendant's second motion to compel, directing Plaintiff to provide discovery responses within 10 days of the date of that Order, directing Plaintiff to show cause why her case should not be dismissed for failure to prosecute or follow the Court's prior discovery orders, and directing Plaintiff to pay Defendant's attorney's fees associated with that motion. Dkt. #157. Plaintiff responded by requesting permission to file a motion for an extension of time to respond to the Show Cause Order and to file a motion for a Protective Order, which the Court granted. Dkts. #160-163. However, Plaintiff never filed her motions.

In the meantime, Defendant had been attempting to schedule Plaintiff's deposition. Dkt. #165 at ¶ ¶ 2-10. Defendant ultimately scheduled Plaintiff's deposition, which, at

---

[2] Indeed, Plaintiff has filed an appeal from virtually every order this Court has entered in this matter, including procedural Minute Orders. *See* Dkts. #31, #75, #85, #123, #124, #131, #138, #139, #140, #143, #144 and #149. To date, the Ninth Circuit Court of Appeals has dismissed all of Ms. Howery's appeals for lack of jurisdiction, and has warned Plaintiff that her continued filing of improper interlocutory appeals may result in the imposition of sanctions or a pre-filing review order. *See* Dkts. #35, #87, #104, #120, #142, #147, #158, #166-169 and #171-174.

ORDER - 6

Plaintiff's request, was set for December 4, 2015, in San Francisco, CA. *Id.* at ¶ ¶ 10 and 12 and Ex. K thereto. Defendant then made several attempts to confirm Plaintiff's attendance at her deposition, with no response. *Id.* at ¶ ¶ 13-15. On December 3, 2015, Plaintiff telephoned defense counsel Boris Gaviria. During the phone call, Ms. Howery raised the issue of a lack of protective order, and stated that she would only agree to respond to discovery and deposition questions if they were limited to the brief time frame of her employment at Boeing. *Id.* at ¶ 16. Mr. Gaviria did not agree to the limitations. Plaintiff did not propose any other limitations and refused to confirm whether she would attend her deposition the next day. *Id.* Defense counsel Sheehan Sullivan Weiss memorialized the call in an email to Plaintiff and once again requested confirmation of her attendance before she flew to San Francisco for the deposition. *Id.* at ¶ 17 and Ex. O thereto. That night, Plaintiff filed her aforementioned requests for extension of time and for a protective order. Ms. Sullivan Weiss emailed Ms. Howery, reiterating that her deposition was not canceled and that Boeing intended to go forward with it. *Id.* at ¶ 18 and Ex. P thereto.

At 12:00 a.m. on December 4, 2015, Plaintiff emailed Mr. Gaviria, without copying Ms. Sullivan Weiss, stating that she would not be attending her deposition and attaching objections to the deposition. Dkt. #165 at ¶ 19 and Ex. Q thereto. Ms. Sullivan Weiss had already flown to San Francisco. Plaintiff failed to appear for her deposition as scheduled. *Id.* at ¶ 20 and Ex. R thereto.

Defendant now moves to dismiss this case for Plaintiff's failure to prosecute and also seeks attorney's fees and costs associated with the preparation for Plaintiff's deposition on December 4, 2015.

ORDER - 7

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 37 and 41. Dkt. #164 at 8-13. The Court first addresses Defendant's Rule 41 arguments.

As an initial matter, the Court notes that Plaintiff has failed to meaningfully participate in this action since April of 2015, when she amended her Complaint. *See* Dkt. #58. After that time, Plaintiff has essentially continuously filed duplicative motions and frivolous appeals, and has refused to engage in the discovery process despite the Court's orders to do so. *See* Dkts. #119 and #157. Specifically, Plaintiff has failed to respond to Defendant's written discovery requests, failed to respond to the Court's Order to Show Cause, and failed to attend her deposition. Despite the fact that this Court imposed monetary sanctions for Plaintiff's conduct, Plaintiff has nonetheless failed to pay or move this case forward.

Further, Plaintiff continues to assert the same responses to any motion filed in this Court, with arguments the Court has already rejected. For example, Plaintiff maintains that she should not be required to engage in discovery because the information sought is (1) privileged, (2) beyond the permissible scope of discovery and (3) confidential. She also maintains that defense counsel should be disqualified based on a conflict of interest because they have also represented her in this case. The Court has rejected these arguments on numerous occasions. *See*, *e.g.*, Dkts. #106, #119, #122 and #157. To the extent that Plaintiff once again raises these arguments in response to the instant motion, the Court again rejects them. Further, the Court finds Plaintiff's assertions that Defendant has refused to engage in discussion regarding a Protective Order disingenuous. *See* Dkt. #170 at 2. The record demonstrates that it is Plaintiff who has refused to engage in meaningful discovery

ORDER - 8

conferences. Dkt. #165 at ¶ ¶ 22-24. Finally, there is no evidence that Plaintiff has ever been represented by current defense counsel in this or any other case, and she has provided no evidence to the contrary. Dkt. #176 and Ex. 1 thereto.

With this context, the Court turns to Defendant's motion. Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In this case, the Court finds dismissal appropriate.

The first two factors strongly support dismissal under the circumstances of this case. The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, Plaintiff has defied Court orders to proceed with discovery and has unnecessarily slowed litigation by

ORDER - 9

filing numerous frivolous appeals even after the Ninth Circuit warned her not to do so. She has also failed to engage in meaningful discovery conversations with Defendant, has failed to file motions that would move her case forward even after receiving permission from this Court to do so, and has failed to pay Court-imposed sanctions. Likewise, the Court's need to manage its docket also weighs in favor of dismissal. The delays caused by Plaintiff's repeated failures to participate in the judicial process have already consumed time and resources that the Court could have devoted to other cases. The Court's resources are best allocated to matters with active parties who are willing to comply with the Court's Orders. Further, Plaintiff's noncompliance has wasted the time and resources of Defendant and has precluded Defendant from pursuing any efficient resolution of this matter.

With respect to the third factor, the Court recognizes that the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.; see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to respond to the Court's Order to Show Cause, offered no explanation for the failure, and did not move for an extension of the response deadline even after receiving permission from the Court to do so. In addition, Plaintiff's failures to respond to Defendant's discovery requests and her failure to attend her December 4th deposition has forced Defendant to incur unnecessary costs. Thus, the Court finds that Plaintiff's actions have unfairly caused prejudice to Defendant, and this factor weighs in favor of dismissal.

ORDER - 10

The fourth factor typically weighs against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). In this case, this factor is neutral at best.

Finally, in an effort to avoid dismissal, this Court has attempted less drastic alternatives. Indeed, the Court allowed Plaintiff to file motions for extensions of time and protective orders (which she did not do) even after she failed to follow the Court's discovery directives. The Court also issued an Order to Show Cause why the case should not be dismissed, to which Plaintiff failed to respond. As a result, the Court finds that additional, less drastic alternative remedies would be futile. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Accordingly, the Court finds the fifth factor also weighs in favor of dismissal.

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. While the Court recognizes that it could dismiss with prejudice, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendant, but dismissing the case without prejudice will preserve the ability of Plaintiff to seek relief.[3] Thus, the Court finds dismissal

---

[3] Should Plaintiff decide to re-file her Complaint at some time in the future, this Order is not intended to toll the statute of limitations or preclude Defendant from raising any valid defense to

ORDER - 11

without prejudice is appropriate.

## IV. FEES AND COSTS

Defendant has moved for the attorney fees and costs it incurred in preparing for Plaintiff's deposition in San Francisco. Dkt. #164 at 12-13. Under Federal Rule of Civil Procedure 37(d)(3), the Court may order sanctions including attorney's fees for the failure of a party to attend his or her deposition. In this case, the Court finds that Defendant timely noted Plaintiff's deposition, set for the date and location Plaintiff requested, and proactively followed up with Plaintiff numerous times to provide her ample opportunity to request a different date. *See* Dkt. #165 and exhibits thereto. However, Plaintiff waited until midnight, just hours before her deposition, to unilaterally inform Defendant that she would not be appearing. This occurred after defense counsel had spent time preparing for her deposition, had purchased airline tickets, arrived in San Francisco, and booked a hotel room. Under these circumstances the Court finds that an award of attorneys' fees necessary to prepare for the deposition, as well as costs associated with counsel's travel arrangements, is appropriate as sanctions for Plaintiff's conduct. Fed. R. Civ. P. 37(d)(3).

## V. CONCLUSION

Having reviewed Defendant's motion to dismiss, the response thereto, and the reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. #164) is GRANTED. Plaintiff's remaining claims are DISMISSED and this matter is now CLOSED.

---

such a Complaint.

ORDER - 12

2. Defendant's request for attorney's fees and costs associated with Plaintiff's December 4th deposition is GRANTED. Defendant shall provide a Declaration of its fees and costs **no later than 10 days from the date of this Order**.

DATED this 13 day of January 2016.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 13