UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL HOWERY,

                                    Plaintiff,

        v.

THE BOEING COMPANY,

                                    Defendant.

Case No. C14-01555RSM

ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM
JUDGMENT AND GRANTING FEES

## I.        INTRODUCTION

        This matter comes before the Court upon Plaintiff's Motion for Relief from Judgment
(Dkt. #187) and Defendant's pending fee requests (Dkts. #159 and #179).  Plaintiff seeks an
Order vacating this Court's prior Order dismissing her case for her failure to engage in the
discovery process or otherwise prosecute her case.  *See* Dkt. #177.  Defendant opposes the
motion, arguing that Plaintiff has failed to meet the appropriate standards under Federal Rules
of Civil Procedure 59 and 60.  Dkt. #191.  Plaintiff also opposes the amount of fees requested
by Defendant, arguing that they are excessive and/or unsubstantiated.  Dkt. #192.  For the
reasons set forth below, the Court DENIES Plaintiff's motion for relief from judgment and
grants Defendant $7,549.00 in fees and $543.31 in costs.

///

///

ORDER - 1

## II.     BACKGROUND

Plaintiff Crystal Howery initially filed this action in the District Court for the Northern District of California, alleging violations of, among other statutes, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, arising from her employment with Defendant Boeing Company ("Boeing) in Everett, Washington, and termination therefrom. Dkt. #1. Plaintiff has been proceeding *pro se*. *See* Dkt. #1, Ex. 2. After Plaintiff filed her action, Boeing filed a motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a). California District Judge Vince Chhabria granted Defendant's Motion, finding that the case could have been filed in the Western District of Washington and that the relevant convenience factors strongly favored transfer to this District. Dkt. #21. The action was then transferred to this District on October 9, 2014, and assigned to the undersigned Judge. Dkt. #22. Plaintiff thereafter appealed Judge Chhabria's transfer order, which the Ninth Circuit Court of Appeals denied, entering its mandate on December 29, 2014. This Court then considered Plaintiff's motions to appoint counsel and motion to transfer. *See* Dkts. #35 and #37.

On January 30, 2015, this Court denied Plaintiff's motions. Dkt. #37. The Court determined that Plaintiff had failed to provide sufficient evidence to support any of the factors in favor of appointment of counsel, but informed Plaintiff that she could re-file a motion to appoint counsel should Plaintiff believe in good faith that she is able to meet the relevant criteria. *Id.* at 4. The Court further found that venue is appropriate in this Court and declined to transfer the matter back to California. *Id.* at 4-5.

In her initial Complaint, Plaintiff alleged:

1
2
3
4

Harassment and Retaliation for opposing and reporting discriminatory practices as well as for participating in investigations regarding discrimination. Violation(s) of: the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Civil Rights Act; the Genetic Information Nondiscrimination Act; and other violations of the law.

5
6
7

Dkt. #1 at 2. Plaintiff further alleged that Defendant discriminated against her based on her race, religion, sex, national origin, disability, genetic information and age. Dkt. #1 at 2. In support of her allegations, Plaintiff provides the following "facts":

8
9

I was not paid for my hourly work. I was also denied a bonus. Requests for reasonable accommodation were denied. I was harassed. I was placed on leave without pay. I was terminated.

10
11
12
13
14
15

*Id.* According to Plaintiff, the alleged discrimination occurred between December of 2011 and June 2012. *Id.* at 3. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), who could not determine whether any violations had occurred, and received a Right-to-Sue Letter on February 9, 2014. *Id.*, Attachment 1. She then proceeded with this lawsuit.

16
17

Defendant initially moved for dismissal of all claims under Rule 12(c). Dkt. #39. On April 6, 2015, the Court granted Defendant's motion finding that:

18
19
20
21
22
23

Even when taking Plaintiff's allegations as true, she has failed to allege the most basic facts such as her age, race, or other identification of a protected class in which she alleges to be a member. *See* Dkt. #1. She further fails to allege any facts indicating what she allegedly did (other than participating in investigations of discrimination and reporting discriminatory behavior), who allegedly retaliated and/or discriminated against her, what acts occurred, and when they occurred in relation to her participation in investigations and reports of discrimination. As a result, she fails to allege any plausible claims for relief. *Iqbal*, 556 U.S. at 678.

24
25

Dkt. #54 at 5. However, the Court granted Plaintiff leave to amend the Complaint to remedy the deficiencies. *Id.* at 6.

26

ORDER - 3

Plaintiff then filed a motion for reconsideration, which was denied.  Dkts. #56 and #57.  On April 27, 2015, Plaintiff filed her First Amended Complaint.  Dkt. #58.  Plaintiff asserted nine causes of action, including the seven listed above, plus alleged violations of the Americans With Disabilities Act ("ADA") and alleged violations of the Genetic Information Nondiscrimination Act ("GINA").[1]  *Id.*  Plaintiff alleged:

> Plaintiff Crystal Howery alleges that Defendant The Boeing Company ("Defendant") discriminated against her because of her race (African American), color (brown), national origin (United States), gender (female), age (over 40 years old), genetic information, religion, for engaging in protected activities, and disability.  Defendant discriminatorily and retaliatorily refused to pay her for hours worked, denied her a bonus, refused reasonable requests for accommodation, harassment, placement on involuntary leave of absence, termination, paying plaintiff and female and employees of color less than similarly situated male and non-minority employees, as well as other acts.

Dkt. #58 at 2.

In support of those allegations, Plaintiff asserted:

> 14.    From July 2011 to June 2012, and at all relevant times, Plaintiff Crystal Howery was an employee of Defendant.

> 15.    On October 5, 2012, Defendant Boeing told Plaintiff Crystal Howery that she was required to undergo a fitness for duty examination.

> 16.    As part of the fitness for duty examination, Defendant Boeing required that Plaintiff Crystal Howery sign a release for all his [sic] medical records.

> 17.    Among other things, Defendant Boeing's releases required that Plaintiff Crystal Howery agree to the disclosure of medical information which contained family medical history and non-work related information.

> 19. [sic] Defendant Boeing's releases, were likely to elicit disability-related information.

---

[1]  Plaintiff's First Amended Complaint actually sets forth only four claims, two alleged violations of the ADA and two alleged violations of GINA.

ORDER - 4

20.     Defendant Boeing's proffered releases, were not narrowly tailored to the issue of whether Plaintiff Crystal Howery could perform the essential functions of her job or whether she posed a direct threat to the safety of herself or others.

23. [sic]  Plaintiff Crystal Howery was willing to go through the fitness-for-duty examination, but she objected to the release(s) that Defendant Boeing insisted that she sign.

24.     Plaintiff Crystal Howery objected to Defendant Boeing about the release(s) to the extent that they did not adequately disclose to whom her information would be released and were not tailored to address her work at Defendant Boeing.

25.     Plaintiff Crystal Howery told Defendant Boeing that the release(s) needed to be narrowed in scope because the information sought was sensitive personal information.  She told Defendant Boeing that she objected to the extent that the release(s) were not proper in scope and did not identify the proper person to whom the information would go.

26.     Defendant Boeing refused to modify the scope of the release(s) to comply with the ADA or GINA.

27.     Defendant Boeing terminated Plaintiff Crystal Howery's employment on June 8, 2012 as a direct result of Plaintiff Crystal Howery's refusal to sign the release(s) seeking medical information that was not job-related or consistent with business necessity, and would likely disclose family medical history.

28.     Defendant Boeing acts as described in all the preceding paragraphs were done intentionally.

29.     Defendant Boeing's acts as described in all the preceding paragraphs were done with malice or with reckless disregard of Plaintiff Crystal Howery's federally protected rights as set forth below in Counts I through V.

Dkt. #58 at 3-4.  Defendant then moved to dismiss all but the ADA and GINA claims, which the Court granted.  Dkts. #63 and #69.  The matter then proceeded into discovery.

ORDER - 5

Defendant served Plaintiff with written discovery requests on June 25, 2015. *See* Dkt. #98, Ex. A. On July 27, 2015, Plaintiff filed Objections to the requests. Dkt. #81. Plaintiff apparently objected to Boeing's entire set of requests, asserting that the information sought was (1) privileged, (2) beyond the permissible scope of discovery, (3) confidential, and (4) unknown at this time. *Id.* As a result, Defendant moved to compel responses. Dkt. #97. Plaintiff reasserted those objections, and added several additional objections, in her response to that motion, including a baseless allegation that defense counsel had a conflict of interest because counsel also represented her in this matter. Dkt. #108. Plaintiff provided no substantive explanation of how Boeing's discovery requests were improper or sought privileged information. This Court ultimately granted Defendant's motion and directed Plaintiff to pay the attorney's fees associated with that motion. Dkts. #119 and #130. Plaintiff then appealed to the Ninth Circuit Court of Appeals, which the Court dismissed.[2] Dkt. #144.

Following Plaintiff's continued failure to respond to its discovery requests, Defendant filed a second Motion to Compel. Dkt. #150. On November 16, 2015, this Court granted Defendant's second motion to compel, directing Plaintiff to provide discovery responses within 10 days of the date of that Order, directing Plaintiff to show cause why her case should not be dismissed for failure to prosecute or follow the Court's prior discovery orders, and directing Plaintiff to pay Defendant's attorney's fees associated with that motion. Dkt. #157.

---

[2]  Plaintiff has filed an appeal from virtually every order this Court has entered in this matter, including procedural Minute Orders. *See* Dkts. #31, #75, #85, #123, #124, #131, #138, #139, #140, #143, #144 and #149. To date, the Ninth Circuit Court of Appeals has dismissed all of Ms. Howery's appeals for lack of jurisdiction, and has warned Plaintiff that her continued filing of improper interlocutory appeals may result in the imposition of sanctions or a pre-filing review order. *See* Dkts. #35, #87, #104, #120, #142, #147, #158, #166-169 and #171-174.

Plaintiff responded by requesting permission to file a motion for an extension of time to respond to the Show Cause Order and to file a motion for a Protective Order, which the Court granted.  Dkts. #160-163.  However, Plaintiff never filed her motions.

In the meantime, Defendant had been attempting to schedule Plaintiff's deposition. Dkt. #165 at ¶ ¶ 2-10.  Defendant ultimately scheduled Plaintiff's deposition, which, at Plaintiff's request, was set for December 4, 2015, in San Francisco, CA.  *Id.* at ¶ ¶ 10 and 12 and Ex. K thereto.  Defendant then made several attempts to confirm Plaintiff's attendance at her deposition, with no response.  *Id.* at ¶ ¶ 13-15.  On December 3, 2015, Plaintiff telephoned defense counsel Boris Gaviria.  During the phone call, Ms. Howery raised the issue of a lack of protective order, and stated that she would only agree to respond to discovery and deposition questions if they were limited to the brief time frame of her employment at Boeing. *Id.* at ¶ 16.  Mr. Gaviria did not agree to the limitations.  Plaintiff did not propose any other limitations and refused to confirm whether she would attend her deposition the next day.  *Id.* Defense counsel Sheehan Sullivan Weiss memorialized the call in an email to Plaintiff and once again requested confirmation of her attendance before she flew to San Francisco for the deposition.  *Id.* at ¶ 17 and Ex. O thereto.  That night, Plaintiff filed her aforementioned requests for extension of time and for a protective order.  Ms. Sullivan Weiss emailed Ms. Howery, reiterating that her deposition was not canceled and that Boeing intended to go forward with it.  *Id.* at ¶ 18 and Ex. P thereto.

At 12:00 a.m. on December 4, 2015, Plaintiff emailed Mr. Gaviria, without copying Ms. Sullivan Weiss, stating that she would not be attending her deposition and attaching objections to the deposition.  Dkt. #165 at ¶ 19 and Ex. Q thereto.  Ms. Sullivan Weiss had

already flown to San Francisco.  Plaintiff failed to appear for her deposition as scheduled.  *Id.* at ¶ 20 and Ex. R thereto.

Defendant then moved to dismiss this case for Plaintiff's failure to prosecute and also sought attorney's fees and costs associated with the preparation for Plaintiff's deposition on December 4, 2015.  Dkt. #164.  The Court granted the motion on January 13, 2016, dismissing all of Plaintiff's remaining claims and awarding attorney's fees to Defendant.  Dkt. #177.

Plaintiff requested permission to file a motion for relief from judgment, which this Court also granted.  Dkts. #183 and #184.  The instant motion followed.

Plaintiff then filed a Notice of Appeal with the Ninth Circuit Court of Appeals, which remains pending at this time.  Dkt. #188.

### III.    DISCUSSION

#### A.  Motion for Relief from Judgment

Plaintiff seeks relief from Judgment pursuant to Federal Rules of Civil Procedure 59 and 60.  Dkt. #187.  She does not identify which subsections of those Rules she relies upon.  Instead, she simply argues that she believed one of her prior motions for permission to file a motion for a protective order was still pending, and therefore the dismissal of her case should be vacated.  *Id.*  The Court has construed this motion as one to alter or amend a judgment under Rule 59(e), as no trial was held in this matter and therefore the remainder of Rule 59 is inapplicable, and for relief from a judgment or order under Rule 60(b).

##### 1.  Jurisdiction

As an initial matter, the Court addresses the effect of Plaintiff's pending appeal.  Once a notice of appeal is filed, this Court loses jurisdiction over the action.  *See Williams v.*

ORDER - 8

*Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992) (en banc).  However, if a party files a timely motion to alter or amend the judgment under Rule 59 or Rule 60, the time to file an appeal runs from the entry of the order disposing of that motion.  *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) (citing Federal Rule of Appellate Procedure 4(a)(v)).  The instant motion was timely filed. Accordingly, this Court has jurisdiction to consider the motion.

### 2.  Rule 59(e)

A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law."  *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).  In the instant case, Plaintiff neither asserts newly discovered evidence nor that there has been an intervening change in the law.  At best, Plaintiff argues that the dismissal decision was manifestly unjust because the Court failed to address one of several prior motions that she filed for permission to file a motion for protective order.  Dkt. #187. The Court is not persuaded.

As the Court noted in its Order dismissing this case, Plaintiff has failed to meaningfully participate in this action since April of 2015, when she amended her Complaint.  *See* Dkt. #58.  Since that time, Plaintiff has essentially continuously filed duplicative motions and frivolous appeals, and has refused to engage in the discovery process despite the Court's orders to do so.  *See* Dkts. #119 and #157.  Specifically, Plaintiff has failed to respond to Defendant's written discovery requests, failed to respond to the Court's Order to Show Cause, and failed to attend her deposition.  Despite the fact that this

Court imposed monetary sanctions for Plaintiff's conduct, Plaintiff has nonetheless failed to move this case forward.

It is true that the Court did not specifically address Plaintiff's request to file a Motion for Protective Order that she filed on September 11, 2015. Dkt. #107. However, the Court did address an identical motion that she filed on December 3, 2015, requesting the same permission. *See* Dkt. #162. The Court granted Plaintiff's motion, informing her that she could file her motion for protective order, which mooted her previous motion as a result. Dkt. #163. Despite the Court's permission, Plaintiff failed to file a motion for protective order.

Moreover, the Court has already rejected Plaintiff's other arguments pertaining to a Protective Order. Indeed, as the Court found in its Order of dismissal, the record demonstrates that it is Plaintiff who has refused to engage in meaningful discovery conferences, not Defendant. Dkt. #177 at 8-9 (citing Dkt. #165 at ¶ ¶ 22-24). Further, the Court also issued an Order to Show Cause why the case should not be dismissed, to which Plaintiff failed to respond. *See* Dkt. #157. Had Plaintiff been concerned about her pending motion for permission to file a Protective Order, she could have raised such a concern at that time. She did not.

For all of these reasons, the Court finds that Plaintiff has failed to demonstrate that the Court's dismissal of her action was manifestly unjust. Accordingly, the Court denies Plaintiff's motion under Rule 59(e).

### 3. *Rule 60(b)*

The Court next turns to Plaintiff's motion under Rule 60(b). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the

following six reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  It appears that none of subsections 60(b)(1) – 60(b)(5) are applicable to this matter, as Plaintiff has not made any allegations under those subsections.  Thus subsection 60(b)(6) is the only applicable provision.

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010).  "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Id.* (internal quotation marks omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion."  *Id.* (internal quotation marks omitted).

Based on the same analysis above, the Court finds that Plaintiff fails to demonstrate a

basis to amend or alter the judgment in this matter under Rule 60(b)(6).  Accordingly, her motion is denied in its entirety.

### B. Fees and Costs

The Court has previously imposed $2,508.78 in fees and costs as a sanction against Plaintiff for her failure to respond to Defendant's discovery requests.  Dkt. #130.  The Court provided that Plaintiff did not need to pay that amount until the case was over, given her *pro se* status.  *Id.*  These fees remain pending, but are not at issue in this Order.

The Court has also granted Defendant's fee requests associated with Plaintiff's continued failure to respond to discovery (necessitating a second motion to compel) and her failure to attend her deposition.  Dkts. #157 and #177.  With respect to the second motion to compel, Defendant seeks $1,868.73 in fees associated with bringing that motion.  Dkt. #159.  With respect to the deposition that Plaintiff failed to attend, Defendant seeks $8,019.75 in fees and $543.31 in costs associated with the preparation and travel for that deposition.  Dkt. #179.

Plaintiff opposes the fee requests for a number of reasons:

1. The fees and hours are excessive and do not comply with Lodestar.

2. The fees, hours, and costs are unsubstantiated.

3. There are charges for food and other items which would have been incurred even if travel had not occurred.

4. There are charges for unknown expenses.

5. The Plaintiff's discovery actions were substantially justified or harmless.

6. FRCP 37 makes an allowances [sic] for discovery failures that are substantially justified.

7. The Defendant's attorneys have committed Malpractice.

ORDER - 12

1    Dkt. #192 at 1.

2         The Court rejects all of Plaintiff's arguments except that the fees and hours are

3    excessive.   There is no evidence that defense counsel has committed malpractice, and the

4    record has never supported any alleged conflict of interest.  *See* Dkt. #177 at 8 (citing Dkt.

5    #106, #119, #122 and #157).   Further, the fee requests are substantiated with time billing

6    entries and copies of receipts, which account for all fees and costs being requested.   Thus, the

7    Court will only analyze the amounts that Defendant seeks.

8         "When the sanctions award is based upon attorney's fees and related expenses, an

9    essential part of determining the reasonableness of the award is inquiring into the

10   reasonableness of the claimed fees."  *In re Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986).

11   "When it sets a fee, the district court must first determine the presumptive lodestar figure by

12   multiplying the number of hours reasonably expended on the litigation by the reasonable

13   hourly rate."   *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).   The

14   reasonable hourly rate is determined with reference to the prevailing rates charged by

15   attorneys of comparable skill and experience in the relevant community.  *See Blum v. Stetson*,

16   465 U.S. 886, 895 (1984).   In determining the reasonable number of hours expended on the

17   litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours

18   billed.   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).   The Court may also adjust the

19   lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67,

20   69-70 (9th Cir. 1975).   The relevant *Kerr* factors here are: (1) The time and labor required; (2)

21   The novelty and difficulty of the questions; and (3) The skill requisite to perform the legal

22   services properly.   "The lodestar amount presumably reflects the novelty and complexity of

23

24

25

26

the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

The Court first turns to the reasonableness of Plaintiff's requested rates.  Plaintiff seeks a billing rate of $433.50 per hour for attorneys Boris Gaviria and Sheehan Sullivan Weiss, and $284.75 per hour for associate attorney Mary Sanden.  Dkts. #159 at ¶ ¶ 4-5 and #179 at ¶ ¶ 5-6.  In the Ninth Circuit, the determination of a reasonable hourly rate "is not made by reference to the rates actually charged the prevailing party." *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000).  "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*.  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, the Court has previously awarded Defendant the requested rates, and there is no evidence in the record that the rates are now unreasonable.  Accordingly, the Court will continue to award Defendant its requested rates.

The Court next turns to the reasonableness of the hours requested.  The Court first examines the time spent with respect to Plaintiff's second motion to compel.  "The party

seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request.  *Hensley*, 461 U.S. at 433.  As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Further, the Ninth Circuit has held that it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  Likewise, intra-offices conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative.  *See id.* at 949.

Defendant has requested a total of 5.1 hours of time between Mr. Gaviria and Ms. Sanden for work on the second motion to compel.  In consideration of the *Kerr* factors, and given the relatively simple issues involved in that motion, Plaintiff's *pro se*  status, and Plaintiff's continued assertions of the same defenses to nearly every motion filed by Defendant, the Court finds it appropriate to reduce this time in part.  Accordingly, the Court will compensate Mr. Gaviria for two hours of time (a reduction of .8 hours) and Ms. Sanden for two hours of time (a reduction of .3 hours).  Multiplying those hours by the requested rates for each attorney, the total compensation for the second motion to compel is $1436.50.

The Court next examines the time spent with respect to preparing for Plaintiff's deposition.  Defendant has requested $543.31 in costs and $8,019.75 in fees.  As an initial matter, the Court finds the costs reasonable and substantiated and will award them in their entirety.

ORDER - 15

With respect to the fees requested, the Court will reduce the time as follows.  The Court will not award fees for the time defense counsel spent conferencing with in-house counsel regarding the deposition, which totals 2.1 hours.  Further, the Court finds some time spent by Mr. Gaviria to be excessive, particularly because it appears all time spent in preparation for the deposition was conducted by partner level attorneys at a higher billing rate, when it appears some of the work could have been accomplished by an associate level attorney at a lower billing rate.  Therefore, the Court will reduce the following time by one half:

| Date | Timekeeper | Activity | Hours | Fees |
|------|-----------|----------|-------|------|
| 12/1/15 | B. Gaviria | Update deposition outline and exhibits for use at plaintiff's deposition | 1.2 | 520.20 |
| 12/2/15 | B. Gaviria | Prepare additional admissions for deposition outline and review client documents and third-party records for additional health care exhibits | 2.4 | 1,040.40 |

Further, the Court will not compensate the time spent by Mr. Gaviria on 11/5/15 to prepare an amended notice of deposition and cover letter (.5 hours), which is work that appears to be more administrative in nature and that could have been accomplished by someone other than a partner level attorney.

ORDER - 16

Accordingly, the Court will compensate Mr. Gaviria for 4.5 hours of time (a reduction of 2.6 hours) and Ms. Sullivan Weiss for 9.6 hours of time (a reduction of 1.8 hours). Multiplying those hours by the requested rates, the total compensation for the second motion to compel is $6,112.50.

### C.  CONCLUSION

Having reviewed Plaintiff's motion for relief, the response thereto, and the reply in support thereof, and Defendant's fee requests and the opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS:

1.  Plaintiff's Motion for Relief (Dkt. #187) IS DENIED.

2.  Defendant's requests for attorney's fees and costs (Dkts. #159 and #179) are GRANTED IN PART.  As set forth in detail above, Plaintiff shall pay Defendant:

      a.  **fees associated with the second motion to compel in the amount of $1436.50;**

      b.  **fees associated with preparation for Plaintiff's deposition in the amount of $6,112.50; and**

      c.  **costs associated with Plaintiff's deposition in the amount of $543.31**.

3.  Plaintiff continues to owe Defendant a prior award of fees in the amount of $2,508.78.  *See* Dkt. #130.

4.  The Clerk shall enter an Amended Judgment in favor of Defendant, dismissing all of Plaintiff's claims, denying relief under Federal Rules of Civil Procedure 59(e) and 60(b), and awarding Defendant attorney's fees in the total amount of **$10,057.78** and costs in the amount of **$543.31.**

DATED this 9 day of March, 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 18