UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL HOWERY,<br><br>                          Plaintiff,<br><br>     v.<br><br>THE BOEING COMPANY,<br><br>                          Defendant. | Case No. C14-01555RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF MAY 11, 2016 |

This matter comes before the Court upon Plaintiff's Motion for Relief from Order of May 11, 2016. Dkt. #205. Plaintiff seeks an Order vacating this Court's prior Minute Order striking a prior Motion for Protective Order. *See* Dkts. #202 and #205. Specifically, Plaintiff argues that the Court misinterpreted her Motion for Protective Order as one seeking protection during discovery, which is no longer ongoing. Instead, Plaintiff asserts that she was actually seeking an Order requiring Defendant to return any medical records it had obtained before she appealed the Court's dismissal of her case. Dkt. #208. Defendant opposes the motion, arguing that Plaintiff's motion is moot and that this Court has no jurisdiction because Plaintiff has an appeal pending in the Ninth Circuit Court of Appeals. Dkt. #207. For the reasons set forth below, the Court DENIES Plaintiff's motion for relief.

**A. Jurisdiction**

As an initial matter, the Court addresses the effect of Plaintiff's pending appeal on

ORDER - 1

the instant motion. Once a notice of appeal is filed, this Court loses jurisdiction over the action. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992) (en banc). However, if a party files a timely motion to alter or amend the judgment under Rule 59 or Rule 60, the time to file an appeal runs from the entry of the order disposing of that motion. *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) (citing Federal Rule of Appellate Procedure 4(a)(v)). The instant motion was timely filed. Accordingly, this Court has jurisdiction to consider the motion.

**B. Rule 59(e)**

A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). In the instant case, Plaintiff neither asserts newly discovered evidence nor that there has been an intervening change in the law. At best, Plaintiff argues that the Court committed clear error in striking her prior Motion for Protective Order. The Court is not persuaded.

Plaintiff's prior motion was drafted in a way such that it was not entirely clear to the Court what relief she was seeking. Indeed, Plaintiff wrote: "The Plaintiff, Crystal Howery also requests that the defendant's discovery be limited to the period of time during which she was employed by the defendant." Dkt. #200. Thus, the Court correctly explained that the Court had dismissed her case, no discovery was ongoing, and the Court lacked jurisdiction over the matter due to her appeal." Dkt. #202.

While Plaintiff now asserts that she was simply seeking an Order from this Court

ORDER - 2

requiring Plaintiff to return any of her medical records that they obtained during discovery prior to her appeal, Plaintiff fails to explain to the Court any efforts she has made to discuss such return with Defendant, and how those efforts have failed.  The return of documents obtained during discovery in a litigation is a matter to be discussed between the parties prior to seeking the Court's intervention.  It is not even clear to this Court that Defendant has obtained such documents given the fact that Plaintiff had previously failed to engage in discovery and that one of the precursors to this lawsuit was her refusal to sign a medical release allowing Defendant to obtain her medical records.  Unless or until Plaintiff communicates with Defendant, identifies which medical records they have in their possession, and presents to the Court evidence of any refusal by Defendant to return or destroy such records, the Court will not intervene.

For these reasons, the Court finds that Plaintiff has failed to demonstrate that the Court's striking of her prior Motion for Protective Order was in error.  Accordingly, the Court denies Plaintiff's motion under Rule 59(e).

**C. Rule 60(b)**

The Court next turns to Plaintiff's motion under Rule 60(b).  Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

ORDER - 3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It appears that Plaintiff brings her motion under 60(b)(1) and/or 60(b)(6).

Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). For the reasons discussed above, Plaintiff has not done so.

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted). Based on the same reasons above, the Court finds that Plaintiff fails to

ORDER - 4

demonstrate a basis to amend or alter the judgment in this matter under Rule 60(b)(6). Accordingly, her motion is denied in its entirety.

Having reviewed Plaintiff's motion for relief, the response thereto, and the reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Relief (Dkt. #205) is DENIED.

DATED this 6th day of July, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 5